**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**IN THE COURT OF WORKERS' COMPENSATION CLAIMS**
**AT JACKSON**

| | | |
|---|---|---|
| **FREDERICK PERRY,** | ) | **Docket No. 2023-07-7092** |
| **Employee,** | ) | |
| **v.** | ) | |
| **THYSSENKRUPP ELEVATOR CORP.,** | ) | **State File No. 50234-2020** |
| **Employer,** | ) | |
| **And** | ) | |
| **INDEMNITY INS. CO. OF NORTH AMERICA,** | ) | **Judge Shaterra R. Marion** |
| **Carrier.** | ) | |
| | ) | |

**COMPENSATION ORDER GRANTING**
**SUMMARY JUDGMENT**

Thyssenkrupp Elevator filed a motion for partial summary judgment, acknowledging that Mr. Perry remains entitled to medical benefits for the work injury. The central issue is whether Mr. Perry can present sufficient evidence to establish an impairment rating, which is an essential element of his claim for permanent disability benefits. For the reasons below, the Court holds Mr. Perry did not present the necessary evidence, and Thyssenkrupp is entitled to summary judgment on the issue of permanent disability benefits.

**Procedural History**

Mr. Perry allegedly suffered a work-related right shoulder injury in December 2019. He filed a Petition for Benefit Determination seeking permanent disability benefits. The Court entered a scheduling order, and Thyssenkrupp filed this motion for partial summary judgment. Mr. Perry filed a response in opposition, although he did not respond to the statement of undisputed facts. The Court heard the motion on September 17, 2024.

**Facts**

Thyssenkrupp filed a statement of undisputed material facts with citations to the record under Tennessee Rules of Civil Procedure 56.03 (2023). Mr. Perry did not respond to the statement of undisputed material facts, and he stated at the hearing he does not dispute Thyssenkrupp's statement of facts. The Court summarizes these facts as follows:

Mr. Perry suffered a rotator cuff tear in 2011 while working for Thyssenkrupp. He reached maximum medical improvement and received a 4% impairment rating from one doctor and an 8% impairment rating from another doctor. The parties settled the 2011 injury using a 6% impairment rating.

Mr. Perry suffered a new rotator cuff tear on December 11, 2019, while working for Thyssenkrupp. He received authorized treatment from Dr. Christopher Pokabla. Dr. Pokabla released Mr. Perry at maximum medical improvement with a 3% impairment rating.

By affidavit, Dr. Pokabla testified that the AMA Guides require that he determine the "percentage of impairment directly attributable to preexisting as compared with resulting conditions and directly contributing to the total impairment rating derived." He explained that he must consider Mr. Perry's preexisting right shoulder impairments of 4% and 8%. Dr. Pokabla, explained that the 3% rating, being less than the preexisting impairment, resulted in no impairment for the 2019 injury.

Based on these facts, Thyssenkrupp contends the Court should grant partial summary judgment because it negated an essential element of Mr. Perry's claim. Specifically, it argues he does not have sufficient proof to show entitlement to permanent disability benefits for his 2019 injury.

Mr. Perry did not offer any medical proof because of the expense of either deposing Dr. Pokabla or obtaining an independent medical exam. Mr. Perry filed a statement of undisputed facts without including citations to the record, and Thyssenkrupp did not respond to that statement. Mr. Perry offered an affidavit saying he hurts far worse after his second surgery.

Mr. Perry disputes Dr. Pokabla's medical opinion. He also argues that Dr. Pokabla contradicted himself by first saying Mr. Perry had a 3% rating and later saying he had no additional impairment beyond his initial rotator cuff tear. He argues this "change of opinion" amounts to a disputed issue of material fact.

### Law and Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

As the moving party, Thyssenkrupp must either: (1) submit affirmative evidence that negates an essential element of Mr. Perry's claim, or (2) demonstrate that his evidence

is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101 (2023); *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If Thyssenkrupp meets this burden, Mr. Perry must then establish that the record contains specific facts upon which the Court could base a decision in his favor. *Rye*, at 265.

The essential element at issue is from section 50-6-207(3)(h), which reads, "If an employee has previously sustained an injury compensable under this section and has been awarded benefits for that injury, the injured employee shall be paid compensation … only for the degree of permanent disability that results from the subsequent injury."

Mr. Perry did not respond to the statement of undisputed material facts as required by Rule 56.[1] Therefore, the facts are undisputed. The issue then is whether under Rule 56.06 summary judgment is "appropriate."

Thyssenkrupp successfully demonstrated that Mr. Perry's evidence is insufficient to establish an impairment rating, an essential element of his claim. Mr. Perry has not disclosed any medical proof rebutting Dr. Pokabla's opinion, and the evidence does not support his contention that Dr. Pokabla contradicted himself.

Mr. Perry cites to *Bennett v. Howard Johnsons Motor Lodge*, 714 S.W.2d 273, 277 (Tenn. 1986) to support a contention that "no apportionment of any kind" is permitted in Tennessee. He argues that this language means that Mr. Perry's second tear should be treated separately from his first tear, and he should be compensated for a 3% impairment rating. However, as Thyssenkrupp correctly points out, *Bennett* discusses apportionment of liability between insurance carriers, and not apportionment of impairment ratings.

The Appeals Board has held that motions for partial summary judgment "can be appropriately addressed in circumstances where resolving the motion does not require the trial court to consider the credibility of witnesses or make compensability determinations based on its weighing of the evidence presented to date. *Oldham v. Freeman Webb Company Realtors*, 2024 TN Wrk. Comp. App. Bd. LEXIS 8, *12 (March 6, 2024).

Here, the question of permanency can be appropriately addressed without considering witness credibility, and Thyssenkrupp accepted compensability.

Therefore, the Court finds that Thyssenkrupp successfully demonstrated that Mr. Perry's evidence is insufficient to prove his entitlement to permanent disability benefits for his 2019 injury and holds that it is entitled to summary judgment on the issue of permanent disability benefits. Mr. Perry remains entitled to authorized, necessary, and related medical benefits.

---

[1] Although Thyssenkrupp did not respond to Mr. Perry's statement of undisputed facts, those facts are not supported by citations to the record.

**IT IS, THEREFORE, ORDERED** as follows:

1. Thyssenkrupp is entitled to summary judgement as a matter of law regarding the payment of permanent disability benefits. The claim is dismissed with prejudice.

2. Thyssenkrupp shall furnish reasonable, necessary, and work-related future medical benefits under Tennessee Code Annotated section 50-6-204.

3. The Court taxes the $150 filing fee to Thyssenkrupp, to be paid to the Court Clerk under Tennessee Compilation Rules and Regulations 0800-02-21-06 (2023) within five days of this order becoming final.

4. Thyssenkrupp shall file Form SD-2 with the clerk within ten business days after this order becomes final.

5. Unless appealed, this order shall become final thirty days after entry.

**ENTERED September 27, 2024.**

_____
**Judge Shaterra R. Marion**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on September 27, 2024.

| Name | Email | Service sent to: |
|---|---|---|
| Steve Taylor, Employee's Attorney | X | staylor@tcmfirm.com |
| Hailey David, Employer's Attorney | X | davidh@waldrophall.com smithj@waldrophall.com |

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   - ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   - ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*